Strafford,
No. 5133.

STEVE PERUTSAKOS

*v.*

WILLIAM C. TARMEY, *Adm'r.*

Argued June 5, 1963.
Decided July 9, 1963.

*James Koromilas* (by brief and orally), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch (Mr. Shane Devine* orally), for the defendant.

BLANDIN, J. The issue is whether the plaintiff's action is barred by RSA 556:1 (supp) because it was brought within six months after the original appointment of the defendant administrator.

The suit arises out of an alleged accident occurring on September 13, 1956, wherein the plaintiff claims he was injured by an automobile driven by the defendant's intestate, Richard Tarmey. Richard died on May 11, 1962. On September 12 following, the administrator was appointed and on that day, being one day before the six-year statute of limitations for claims arising from the alleged accident expired (RSA 508:4), the plaintiff exhibited his demand to the defendant administrator and brought suit. RSA 556:1 (supp) (effective January 1, 1960), relied upon by the defendant for the dismissal of the action, reads as follows:

"No action shall be sustained against an administrator if begun within six months after the original grant of administration, nor unless the demand has been exhibited to the administrator and payment has been demanded."

Ordinarily there would be no doubt that the action is barred. *Hall* v. *Brusseau*, 101 N. H. 87; see also, *Heath* v. *Cleveland*, 104 N. H. 451; 2 N.H.B.J. 11, 16. The plaintiff, however, suggests that because the deceased carried liability insurance, RSA 556:1 (supp) does not apply. He says this is so because the suit, in effect, is against the insurance carrier (see *Farm Bureau Ins. Co.* v. *Martin*, 97 N. H. 196; *Milwaukee Ins. Co.* v. *Morrill*, 100 N. H. 239), and to permit it will not interfere with the "orderly and expeditious settlement of estates," which it is the object of section 1 (supp) *supra*, to secure. *Vanni* v. *Cloutier*, 100 N. H. 272, 274; see also, *Hall* v. *Brusseau*, *supra*, 89; see also, *Frost* v. *Frost*, 100 N. H. 326.

In all the circumstances of this case, we believe a conclusive answer to this argument is the familiar rule that since the question of the effect of the alleged liability insurance was not raised at the trial in the Superior Court, it will not be considered here. *Hinchey* v. *Surety Company*, 99 N. H. 373, 381; *Leavitt* v. *Benzing*, 99 N. H. 193, 195.

It follows that the order is

*Judgment for the defendant.*

All concurred.